IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA

vs.                                        Case Nos.:   1:05cr42/MP/GRJ
                                                        1:12cv121/MP/GRJ

ROBERT LEE PERRY

_____

## ORDER and
## REPORT AND RECOMMENDATION

This matter is before the court upon Defendant's amended motion to vacate, set

aside, or correct sentence pursuant to 28 U.S.C. § 2255. (doc. 243.)  The Government

has filed a response (doc. 246) and Defendant filed a reply (doc. 247) and an

addendum. (doc. 249.)  Also pending is Defendant's second request for equitable

tolling. (doc. 236.)  After a careful review of the record and the arguments presented, it

is recommended that the § 2255 motion should be denied.

## PROCEDURAL BACKGROUND[1]

Defendant was the only defendant charged in a single count indictment with

conspiracy to distribute and possess with intent to distribute more than five (5)

kilograms of cocaine and more than fifty (50) grams of cocaine base in violation of 21

U.S.C. § 841(b)(1)(A)(ii) and (iii). (doc. 1.)  The Government filed an information and

notice of intent identifying four prior felony drug convictions, which, if proven, would

subject Defendant to a minimum mandatory sentence of life imprisonment.  (doc. 13.)

_____

[1]Detailed facts describing the offense conduct are set forth in the plea agreement
and statement of facts (doc. 67) and the Presentence Investigation Report (doc. 203), and
are included herein only as relevant to the claims raised.

On September 15, 2006, Defendant's third appointed attorney, Daniel Daly,

moved to dismiss the indictment, contending that the prosecution was barred by the

Double Jeopardy Clause, that it constituted "selective prosecution," and that it was

"vindictive selective prosecution" in violation of the Equal Protection Clause. (doc. 50.)

The Government responded in opposition. (doc. 51.) On November 30, 2006, before

the court ruled on the motion to dismiss, Defendant entered a plea of guilty pursuant to

a written plea and cooperation agreement. (doc. 67.)  The statement of facts signed by

Defendant as part of the plea provided that Defendant was involved with other

unindicted conspirators and that the conspiracy involved more than five (5) kilograms of

cocaine and more than fifty (50) grams of cocaine base as charged in the indictment.

(doc. 67-2 at 1.)

The Presentence Investigation Report ("PSR") was disclosed to the defense on

January 19, 2007 (doc. 69), although the final report, including five addenda, was dated

December 1, 2009. (doc. 203.)  Defendant was held accountable for the marijuana

equivalent of 247,593.3 kilograms of marijuana, which equated to a base offense level

of 38 (PSR ¶ 23).[2]  After a four level adjustment for Defendant's leadership role in the

offense, his adjusted offense level was 42 (PSR ¶¶ 26, 28).  Although Defendant was a

career offender, because the otherwise applicable offense level was greater than his

offense level as a career offender, the higher level applied (PSR ¶ 29).  There was no

adjustment for acceptance of responsibility despite Defendant's guilty plea, and his total

---

[2] Only 30,000 kilograms or more of marijuana were required for the base offense
level of 38 to apply.

offense level was 42 (PSR ¶¶ 30, 31).  Defendant's criminal history category was VI

based on either his 14 criminal history points or his status as a career offender (PSR ¶¶

58–60).  The applicable guidelines range of 360 months to life was trumped by the

statutorily required minimum mandatory sentence (PSR ¶¶ 105, 106).

Sentencing was initially set for February 14, 2007 (doc. 64), but was continued

until June 6, 2007. (doc. 77.)  Defendant was released on bond with conditions on April

6, 2007 upon Defendant's unopposed motion so that he could "fulfill his obligations

under the plea agreement in this cause." (docs. 72, 83.)  Sentencing was continued

again until August 1, 2007 upon motion of the defense for the same reason. (docs. 84,

87.)  On June 20, 2007, Defendant was alleged to have violated the conditions of his

release by possessing cocaine and cooking it at his residence, and by violating his

curfew. (doc. 88.)  Defendant was arrested, and he waived the detention hearing

pending sentencing. (docs. 92, 95.)

Shortly thereafter, Defendant's attorney, Mr. Daly, moved to withdraw. (doc. 96.)

As grounds Defendant's counsel stated:

> Defendant has directed counsel to pursue a course of action in this cause
> that counsel considers repugnant, imprudent and contrary to the interest
> of the client and justice.  Moreover, the action Defendant directs cannot
> be accomplished by the undersigned whose representation would
> necessarily become an issue, necessitating counsel to be a witness.

(Doc. 96).  The court granted the motion to withdraw after a hearing (docs.  97, 99), and

on August 2, 2007 attorney Anderson Hatfield was appointed to represent Defendant.

(doc. 100.)  The PSR was disclosed to the defense on this same date. (doc. 101.)

On August 16, 2007, Defendant moved to withdraw his plea of guilty, claiming that he had received no consideration in exchange for his guilty plea and that the statement of facts did not support the requisite agreement with another individual that would form a factual basis sufficient to sustain the conspiracy. (doc. 104.)  The defense also cited Defendant's unrealistic sentencing expectations. (*id*.)  The Government opposed the motion. (doc. 105.)

The court held a hearing on October 31, 2007 and found Defendant was in violation of his plea agreement and revoked the agreement. (PSR ¶ 107; doc. 223.)

On December 6, 2007, Mr. Hatfield moved to withdraw stating that he and his client were unable to agree on the management of Defendant's sentencing hearing. (doc. 117.)  In particular counsel noted, as had been brought to the court's attention previously, that only upon his client's insistence, counsel had located and subpoenaed 14 witnesses that he did not believe should be called. (docs. 115, 117.)  The motion was granted after a hearing and attorney Jon Dirk Uman was appointed to represent Defendant on January 25, 2008. (docs. 137, 138.) Sentencing was continued upon the unopposed request of the defense until May 1, 2008. (docs. 141, 142.)  On March 26, 2008, attorney Uman filed a motion to terminate CJA counsel and to permit Defendant to proceed pro se. (doc. 145.)  As grounds for his request counsel cited his client's insistence that counsel file a motion to withdraw guilty plea, although counsel could find no good faith basis for doing so. (*id*. at 1–2.)

Before the hearing on attorney Uman's motion to withdraw, on June 11, 2008 counsel filed an ex parte motion for a psychological exam, which was granted. (docs.

155, 156.)  The court held a hearing on July 11, 2008 following which it granted Uman's motion and appointed David Wilson to represent Defendant. (docs. 158, 159.) A hearing on Defendant's motion to withdraw guilty plea and sentencing was set for October 30, 2008. (doc. 163.)  Defendant moved to continue this hearing as he had resumed his attempts to cooperate with the Government, and the court granted the motion. (docs. 165, 166.)  On April 20, 2009 Mr. Wilson moved for a psychiatric examination of his client (*see* docs. 173, 176), which the court granted. (doc. 177.)  The report was filed with the court. (docs. 180, 181 (duplicate entries))

After a hearing on October 8, 2009, the court denied the motion to withdraw guilty plea and continued the issue of the competency hearing until such time as Defendant could have the report read to him. (doc. 189.)  A competency hearing was held on December 3, 2009 (doc. 191) and sentencing was rescheduled.  On December 10, 2009, the court received two letter motions from the pro se Defendant.  In one he asked for counsel to withdraw so he could proceed *pro se* and in the other he moved to withdraw his guilty plea. (docs. 193, 194.)  Each motion was denied. (doc. 195.)  On December 11, 2009, Defendant was sentenced to a term of life imprisonment. (docs. 196–198; 224.)

Mr. Wilson immediately filed a motion to withdraw, noting Defendant's continued dissatisfaction with counsel's representation and intent to file grievance proceedings. (doc. 199.) The court granted the motion. (doc. 205.)

On appeal Defendant argued that the district court lacked jurisdiction to apply an enhancement because the Government's § 851 notice lacked specificity and because

the Government failed to prove that he had been convicted of two prior felony drug offenses. (doc. 230 at 4.)  The Eleventh Circuit found no error and affirmed on February 2, 2011. (*id.* at 3, 7.).

On January 29, 2012, Defendant mailed a letter to the district court asking for the appointment of counsel to assist him in filing his § 2255 motion. (doc. 231.)   This motion was denied, and Defendant was reminded about the time limitation for filing a § 2255 motion. (doc. 232.)

On April 29, 2012, Defendant mailed a letter to the court asking for equitable tolling of the statute of limitations due to the April 26, 2012, hospitalization of the inmate law clerk who had been helping him file his motion and the April 28, 2012, lockdown at USP Coleman. (doc. 233.)  Defendant filed a second motion for tolling the time for filing his motion on May 21, 2012 due to the institutional lockdown and the fact that there was only a single typewriter for 128 inmates to use. (doc. 236.)  The court ordered the clerk to terminate the first motion for tolling and directed the clerk to serve the second motion, along with Defendant's motion to vacate dated May 25, 2012. (doc. 237) (*see* doc. 238.)  Defendant thereafter filed a memorandum of law (doc. 240), and one month later filed a motion to supplement his § 2255 motion and for hearing. (doc. 241.)  The court directed Defendant to amend (doc. 242), and his amended motion to vacate was received by the clerk on August 17, 2012. (doc. 243.)  The court directed the Government to respond to the motion for equitable tolling (doc. 236) and the amended motion. (doc. 243) (doc. 246.)  The Government's response does not address the timeliness of Defendant's motion, but instead opposes the motion on its merits.

# LEGAL ANALYSIS

## *Timeliness of Defendant's motion*

Title 28 U.S.C. § 2255(f) imposes a one-year time limitation on the filing of

motions under this section. The one-year period of time runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by

governmental action in violation of the Constitution or laws of the United

States is removed, if the petitioner was prevented from making a motion

by such governmental action;

(3) the date on which the right asserted was initially recognized by the

Supreme Court, if that right has been newly recognized by the Supreme

Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented

could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.  The Eleventh Circuit entered its opinion affirming Defendant's

convictions and sentences on February 2, 2012. (doc. 230.)  Defendant did not file a

petition for certiorari with the United States Supreme Court, and as such his judgment

of conviction became final on the date on which his time for filing such a petition expired

(i.e., ninety days after the entry of the court of appeals' judgment).[3]  Clay v. United

States, 537 U.S. 522, 525 (2003); Kaufmann v. United States, 282 F.3d 1336, 1338

---

[3] The issuance of the mandate, on March 3, 2012 (*see* doc. 230), has no bearing
on when the time expires for filing a petition for certiorari.  Clay v. United States, 537 U.S.
522, 525 (2008).

(11th Cir. 2002); <u>Hill v. United States</u>, 444 F. App'x 419 (11th Cir. 2011).  Because

Defendant's judgment of conviction became final on May 4, 2012, to have been timely

filed, his § 2255 motion had to be filed no later than May 4, 2013.  As noted above, his

motion was not filed until May 25, 2013.[4]  Therefore, it is facially untimely.

Unless Defendant establishes his entitlement to equitable tolling, his motion is

time barred.  <u>Jones v. United States</u>, 304 F.3d 1035, 1038 (11th Cir. 2002) (citing <u>Akins</u>

<u>v. United States</u>, 204 F.3d 1086, 1089 (11th Cir. 2000)).  Equitable tolling is

appropriate when a § 2255 motion is untimely because of "extraordinary circumstances

that are both beyond [the defendant's] control and unavoidable even with diligence."

<u>Johnson v. United States</u>, 340 F.3d 1219, 1226 (11th Cir. 2003) (citing <u>Drew v. Dep't of</u>

<u>Corr.</u>, 297 F.3d 1278, 1286 (11th Cir. 2002); <u>Sandvik v. United States</u>, 177 F.3d 1269,

1271 (11th Cir. 1999)).  Otherwise stated, "a litigant seeking equitable tolling bears the

burden of establishing two elements: (1) that he has been pursuing his rights diligently,

and (2) that some extraordinary circumstance stood in his way."  <u>Pace v. DiGuglielmo</u>,

544 U.S. 408, 418  (2005).  It only applies in "truly extraordinary circumstances."

<u>Johnson</u>, 340 F.3d at 1226 (citing <u>Jones</u>, 304 F.3d at 1039–40; <u>Drew</u>, 297 F.3d at

---

[4]A pro se inmate's pleading is deemed filed at the time it is placed in the prison mailbox or delivered to prison authorities for mailing.  *See* <u>Houston v. Lack</u>*,* 487 U.S. 266 (1988) (holding that a pro se inmate's notice of appeal was filed as of the time he placed it in the prison mailbox, thus creating the "prison mailbox rule"); <u>Williams v. McNeil</u>, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009) (under the 'prison mailbox rule,' a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing); <u>Washington v. United States</u>, 243 F.3d 1299, 1301 (11th Cir. 2001) (absent evidence to the contrary, court assumes that a pro se petition is delivered to prison authorities for mailing the date it was signed).  Typed on Defendant's motion is a notation that it was delivered to prison authorities for mailing on May 21, 2013, although the handwritten signature bears the date of May 25, 2013.

1286).  The onus is on the moving defendant to show that he is entitled to this extraordinary relief.  Johnson, 340 F.3d at 1226, Jones, 304 F.3d at 1040.  The court will not relieve a petitioner who has sat upon his rights.  United States v. Cicero, 214 F.3d 199, 203 (D.C. Cir. 2000) (citing Coleman v. Johnson, 184 F.3d 398, 402-03 (5th Cir. 1999)).

Defendant claims here that he was prevented from timely filing his motion by a prison lockdown that began less than one week from the date his motion was due, as well as the unexpected hospitalization, two days before the lockdown, of the inmate law clerk who had been assisting him. (docs.  233, 236.)  As evidenced by the attachment to Defendant's second motion, the lockdown lasted until May 10, 2012. (doc. 236 at 6.) Defendant claims that additional delays were due to the fact that he "could not secure commissary until May 17, 2012" and there were insufficient typewriters such that the motion could not be mailed until May 21, 2012 (although the record reflects that the motion was actually mailed on May 25, 2012).  The court is not persuaded that the circumstances described rise to the level of the sort of "extraordinary circumstances" that warrant equitable tolling for the entire three week delay in filing in this case. However, in light of the Government's failure to address the issue of timeliness in its memorandum, the court will discuss the merits of Defendant's motion as well.

### General Legal Standards

Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments pursuant to § 2255 are extremely limited.  A prisoner is entitled to relief under section 2255 if the court imposed a sentence that (1)

violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a); McKay v. United States, 657 F.3d 1190, 1194 n. 8 (11th Cir. 2011). "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted). The "fundamental miscarriage of justice" exception recognized in Murray v. Carrier, 477 U.S. 478, 496 (1986), provides that it must be shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent . . . ."

The law is well established that a district court need not reconsider issues raised in a section 2255 motion which have been resolved on direct appeal. Rozier v. United States, 701 F.3d 681, 684 (11th Cir. 2012); United States v. Nyhuis, 211 F.3d 1340, 1343 (11th Cir. 2000); Mills v. United States, 36 F.3d 1052, 1056 (11th Cir. 1994). Once a matter has been decided adversely to a defendant on direct appeal, it cannot be re-litigated in a collateral attack under section 2255. Nyhuis, 211 F.3d at 1343 (quotation omitted). Broad discretion is afforded to a court's determination of whether a particular claim has been previously raised. Sanders v. United States, 373 U.S. 1, 16 (1963) ("identical grounds may often be proved by different factual allegations . . . or supported by different legal arguments . . . or couched in different language . . . or vary in immaterial respects").

Furthermore, a motion to vacate under section 2255 is not a substitute for direct appeal, and issues which could have been raised on direct appeal are generally not actionable in a section 2255 motion and will be considered procedurally barred. Lynn, 365 F.3d at 1234–35; Bousley v. United States, 523 U.S. 614, 621 (1998); McKay v. United States, 657 F.3d 1190, 1195 (11th Cir. 2011). An issue is "'available' on direct appeal when its merits can be reviewed without further factual development." Lynn, 365 F.3d at 1232 n. 14 (quoting Mills, 36 F.3d at 1055). Absent a showing that the ground of error was unavailable on direct appeal, a court may not consider the ground in a section 2255 motion unless the defendant establishes (1) cause for not raising the ground on direct appeal, and (2) actual prejudice resulting from the alleged error, that is, alternatively, that he is "actually innocent." Lynn, 365 F.3d at 1234; Bousley, 523 U.S. at 622 (citations omitted). To show cause for procedural default, a defendant must show that "some objective factor external to the defense prevented [him] or his counsel from raising his claims on direct appeal and that this factor cannot be fairly attributable to [defendant's] own conduct." Lynn, 365 F.3d at 1235. A meritorious claim of ineffective assistance of counsel can constitute cause. See Nyhuis, 211 F.3d at 1344.

Ineffective assistance of counsel claims are generally not cognizable on direct appeal and are properly raised by a § 2255 motion regardless of whether they could have been brought on direct appeal. Massaro v. United States, 538 U.S. 500, 503 (2003); see also United States v. Patterson, 595 F.3d, 1324, 1328 (11th Cir. 2010). The benchmark for judging a claim of ineffective assistance of counsel is "whether counsel's conduct so undermined the proper functioning of the adversarial process that

the trial cannot be relied on as having produced a just result." Strickland v.

Washington, 466 U.S. 668, 686 (1984). To show a violation of his constitutional right to

counsel, a defendant must demonstrate both that counsel's performance was below an

objective and reasonable professional norm and that he was prejudiced by this

inadequacy. Strickland, 466 U.S. at 686; Williams v. Taylor, 529 U.S. 362, 390 (2000);

Darden v. United States, 708 F.3d 1225, 1228 (11th Cir. 2013). Strickland's two part

test also applies to guilty pleas. Hill v. Lockhart, 474 U.S. 52, 58 (1985). A defendant

will be required to show that but for counsel's errors, he would not have pleaded guilty

and would have instead insisted on proceeding to trial. Id. at 59. In applying Strickland,

the court may dispose of an ineffective assistance claim if a defendant fails to carry his

burden on either of the two prongs. Strickland, 466 U.S. at 697; Brown v. United

States, 720 F.3d 1316, 1326 (11th Cir. 2013).

In determining whether counsel's conduct was deficient, this court must, with

much deference, consider "whether counsel's assistance was reasonable considering

all the circumstances." Strickland, 466 U.S. at 688; see also Dingle v. Sec'y for Dep't of

Corr., 480 F.3d 1092, 1099 (11th Cir. 2007). Reviewing courts are to review counsel's

performance in a highly deferential manner and "must indulge a strong presumption

that counsel's conduct fell within the wide range of reasonable professional assistance."

Hammond v. Hall, 585 F.3d 1289, 1324 (11th Cir. 2009) (quoting Strickland, 466 U.S. at

689); Chandler v. United States, 218 F.3d 1305, 1314 (11th Cir. 2000); Lancaster v.

Newsome, 880 F.2d 362, 375 (11th Cir. 1989) (emphasizing that petitioner was "not

entitled to error-free representation")). Counsel's performance must be evaluated with

a high degree of deference and without the distorting effects of hindsight.  Strickland,

466 U.S. at 689.  To show counsel's performance was unreasonable, a defendant must

establish that "no competent counsel would have taken the action that his counsel did

take."  Gordon v. United States, 518 F.3d 1291, 1301 (11th Cir. 2008) (citations

omitted); Chandler, 218 F.3d at 1315.  When examining the performance of an

experienced trial counsel, the presumption that counsel's conduct was reasonable is

even stronger, because "[e]xperience is due some respect."  Chandler, 218 F.3d at

1316 n.18.

With regard to the prejudice requirement, defendant must establish that, but for

counsel's deficient performance, the outcome of the proceeding would have been

different.  Strickland, 466 U.S. at 694.  For the court to focus merely on "outcome

determination," however, is insufficient; "[t]o set aside a conviction or sentence solely

because the outcome would have been different but for counsel's error may grant the

defendant a windfall to which the law does not entitle him."  Lockhart v. Fretwell, 506

U.S. 364, 369–70 (1993); Allen v. Sec'y, Fla. Dep't of Corr., 611 F.3d 740, 754 (11th

Cir. 2010).  A defendant therefore must establish "that counsel's errors were so serious

as to deprive the defendant of a fair trial, a trial whose result is reliable."  Lockhart, 506

U.S. at 369 (quoting Strickland, 466 U.S. at 687).  Or in the case of alleged sentencing

errors, a defendant must demonstrate that there is a reasonable probability that, but for

counsel's errors, the result of the proceeding would have been less harsh due to a

reduction in the defendant's offense level.  Glover v. United States, 531 U.S. 198,

203–04 (2001).  A significant increase in sentence is not required to establish prejudice, as "any amount of actual jail time has Sixth Amendment significance."  *Id.* at 203.

To establish ineffective assistance, Defendant must provide factual support for his contentions regarding counsel's performance.  Smith v. White, 815 F.2d 1401, 1406–07 (11th Cir. 1987).  Bare, conclusory allegations of ineffective assistance are insufficient to satisfy the Strickland test.  *See* Boyd v. Comm'r, Ala. Dep't of Corr., 697 F.3d 1320, 1333–34 (11th Cir. 2012); Garcia v. United States, 456 F. App'x 804, 807 (11th Cir. 2012) (citing Yeck v. Goodwin, 985 F.2d 538, 542 (11th Cir. 1993)); Wilson v. United States, 962 F.2d 996, 998 (11th Cir. 1992); Tejada v. Dugger, 941 F.2d 1551, 1559 (11th Cir. 1991); Stano v. Dugger, 901 F.2d 898, 899 (11th Cir. 1990) (citing Blackledge v. Allison, 431 U.S. 63, 74 (1977)).

Finally, the Eleventh Circuit has recognized that given the principles and presumptions set forth above, "the cases in which habeas petitioners can properly prevail . . . are few and far between."  Chandler, 218 F.3d at 1313.  This is because the test is not what the best lawyers would have done or even what most good lawyers would have done, but rather whether some reasonable lawyer could have acted in the circumstances as defense counsel acted.  Dingle, 480 F.3d at 1099; Williamson v. Moore, 221 F.3d 1177, 1180 (11th Cir. 2000).  "Even if counsel's decision appears to have been unwise in retrospect, the decision will be held to have been ineffective assistance only if it was 'so patently unreasonable that no competent attorney would have chosen it.'"  Dingle, 480 F.3d at 1099 (quoting Adams v. Wainwright, 709 F.2d 1443, 1445 (11th Cir. 1983)).  The Sixth Circuit has framed the question as not whether

counsel was inadequate, but rather whether counsel's performance was so manifestly ineffective that "defeat was snatched from the hands of probable victory." United States v. Morrow, 977 F.2d 222, 229 (6th Cir. 1992).

Although section 2255 mandates that the court conduct an evidentiary hearing "unless the motion and files and records conclusively show that the prisoner is entitled to no relief," a defendant must support his allegations with at least a proffer of some credible supporting evidence. *See* Chandler v. McDonough, 471 F.3d 1360, 1363 (11th Cir. 2006) (citing Drew v. Dep't of Corr., 297 F.3d 1278, 1293 (11th Cir. 2002) (referring to "our clear precedent establishing that such allegations are not enough to warrant an evidentiary hearing in the absence of any specific factual proffer or evidentiary support"); Hill v. Moore, 175 F.3d 915, 922 (11th Cir. 1999) ("To be entitled to an evidentiary hearing on this matter [an ineffective assistance of counsel claim], petitioner must proffer evidence that, if true, would entitle him to relief.")); Ferguson v. United States, 699 F.2d 1071, 1072 (11th Cir. 1983). A hearing is not required on frivolous claims, conclusory allegations unsupported by specifics, or contentions that are wholly unsupported by the record. Peoples v. Campbell, 377 F.3d 1208, 1237 (11th Cir. 2004); Tejada, 941 F.2d at 1559; Holmes v. United States, 876 F.2d 1545, 1553 (11th Cir. 1989) (citations omitted). Likewise, affidavits that amount to nothing more than conclusory allegations do not warrant a hearing. Lynn, 365 F.3d at 1239.

### *Defendant's Ineffective assistance of counsel claims*

Defendant first asserts that counsel advised him to plead guilty to charges for which he would face a mandatory life sentence without any concessions by the

Government, other than the possibility of the benefit of a substantial assistance motion.

In light of Defendant's criminal history and the strength of the case against him, this

advice was not unreasonable, and it is a tactic not infrequently used in this district.

Defendant's claim that there was no "concession" by the Government has been

rejected by the district court. (*see* docs. 105, 189.)  Pursuant to the terms of his

agreement with the Government, Defendant had the opportunity to cooperate with the

Government, was released on bond in order to cooperate (*see* doc. 112 at 28–29, docs.

72, 83, 84, 87)  and, remarkably, was attempting to cooperate even after he violated the

terms of his release on bond and was re-incarcerated. (*see, e.g.,* doc. 165.)  Notably,

Defendant was warned of the consequences of the revocation of the plea agreement

before he entered his plea, including the fact that statements he had made during his

attempts at cooperation could be used against him. (doc. 112 at 17–18.)  It was through

no fault of counsel that Defendant's attempts at cooperation never bore the desired

fruit, and as such counsel's performance was not constitutionally deficient.

Defendant argument in his memorandum of law (doc. 240) that counsel

"fraudulently advised" him that he "would receive approximately an eight (8) year

sentence if he accepted the Government's plea deal," is refuted by the record.  The

written plea agreement signed by Defendant expressly stated that based on

Defendant's prior felony drug convictions, "he faces a sentence of not less [sic] life

imprisonment. (doc. 67 at 2.)  Furthermore, during the plea colloquy, Defendant

acknowledged that the felony to which he was pleading guilty carried a mandatory

penalty of life imprisonment, that the sentence would be determined only after

preparation of the PSR, that he had the opportunity to cooperate although it was not guaranteed that the cooperation would lead to either a substantial assistance motion or a sentence below the statutory mandatory minimum, and that no promises had been made to him other than those set forth in the plea agreement. (doc. 112 at 7, 13–14, 19–20, 21–23.) Counsel also assured the court that no promises or understandings had been given to Defendant as to the disposition of the case other than as expressed during the proceeding. (*id*. at 24.)

A defendant's statements during a Rule 11 colloquy as well as any findings made by the judge accepting the plea constitute a formidable barrier in any subsequent collateral proceedings. Blackledge v. Allison, 431 U.S. 63, 73–74 (1977); *cf.* Holmes v. United States, 876 F.2d 1545, 1550 (11th Cir. 1989) (trial court satisfied itself during Rule 11 colloquy of voluntary and understanding nature of plea). Solemn declarations made under oath in open court carry a strong presumption of verity. Blackledge, 431 U.S. at 73–74; United States v. Medlock, 12 F.3d 185, 187 (11th Cir. 1994) (citing United States v. Gonzalez-Mercado, 808 F.2d 796, 800 n.8 (11th Cir. 1987)); United States v. Thomas, 488 F. App'x 440 (11th Cir. 2012) (citing Gonzalez-Mercado). They are presumptively trustworthy and are considered conclusive absent compelling evidence showing otherwise; the subsequent presentation of conclusory and contradictory allegations does not suffice. Blackledge, 431 U.S. at 73–74; United States v. Butt, 731 F.2d 75, 80 (1st Cir. 1984) ("[T]he presumption of truthfulness of [defendant's] Rule 11 statements will not be overcome unless the allegations in the § 2255 motion . . . include credible, valid reasons why a departure from those earlier

contradictory statements is now justified."); *see also* <u>Gonzalez-Mercado,</u> 808 F.2d at

800 n.8 (while not insurmountable, there is a strong presumption that statements made

during a plea colloquy are true, citing <u>Blackledge</u> and other cases).  Defendant's

alleged intellectual deficiencies (which he attempted to magnify during psychological

testing (*see* doc. 181)) do not warrant disregarding Defendant's statements made under

oath during the plea colloquy or disregarding the court's findings about the voluntary,

knowing and intelligent nature of Defendant's plea.  Defendant has failed to produce

meaningful evidence that his guilty plea was entered in reliance on undisclosed

"promises" of counsel about his sentencing exposure.

Finally, Defendant asserts that counsel waived the issue of his bond violation,

which "killed" his chances of a substantial assistance motion.  Defendant appears to

contend that counsel should have moved to suppress evidence used to support

revocation of his pretrial release, specifically the evidence that crack cocaine was being

manufactured at his residence in a pot that Defendant admitted was his. (doc. 222 at 4;

doc. 223 at 101.)  Defendant has provided nothing more than conclusory allegations in

support of his assertion that counsel should have filed a motion to suppress.

Furthermore, as discussed above, despite this violation, Defendant continued his

attempts to cooperate with the Government after his re-incarceration. (doc. 165.)  Thus,

Defendant's bare conclusory allegations do not establish ineffective assistance of

counsel and this claim is due to be denied.

Defendant recently has filed a document titled "Movant's Addendum to add New

and Relative Case Law" (doc. 249) in which he requests that the court consider the

application of the Supreme Court's recent decision in Alleyne v. United States, 133 S.Ct. 2151 (2013) to his claim. Alleyne, even if it were applicable to the facts of Defendant's case, is not retroactively applicable on collateral review. *See, e.g.,* Simpson v. Untied States, 721 F.3d 875 (7th Cir. 2013); United States v. Stewart, Case No. 13-6775, 2013 WL 5397401 (4th Cir. Sept. 27, 2013). Thus it affords Defendant no relief.

## Conclusion

For the foregoing reasons, the court finds that Defendant has failed to show that any of the claims raised in his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 have merit. Nor has he shown that an evidentiary hearing is warranted. Therefore Defendant's motion should be denied in its entirety.

## Certificate of Appealability

Section 2255 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. § 2255 11(b).

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of  Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is **ORDERED**:

1.  Defendant's Second Motion for Tolling of Filing Time (doc. 236) is **GRANTED** to the extent that the court has considered the merits of Defendant's motion.

2.  Defendant's "Motion/Addendum for Leave to Add New and Relative Case Law" (doc. 249) is **DENIED.**

And based on the foregoing, it is respectfully **RECOMMENDED**:

1.  The amended motion to vacate, set aside, or correct sentence (doc. 243) should be **DENIED**.

2.  A certificate of appealability should be **DENIED**.

At Gainesville, Florida, this 30th  day of October, 2013.

_s/Gary R. Jones_
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof.  **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.**  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).